IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alverta G. Bowens,<br><br>        Plaintiff,<br><br>v.<br><br>Community Loan Servicing, LCC,<br>Metwest Commercial Lender,<br><br>        Defendants.<br>_____ | Civil Action No. 2:23-cv-2749-BHH<br><br>**<u>ORDER</u>** |

      This matter is before the Court upon Plaintiff Alverta G. Bowens' ("Plaintiff") pro se complaint. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for pretrial proceedings.

      On August 17, 2023, the Magistrate Judge issued a proper form order, notifying Plaintiff of defects in her complaint and giving Plaintiff the opportunity to provide the necessary information and paperwork to bring her case into proper form. Plaintiff twice requested an extension of time to bring her case into proper form, which the Magistrate Judge granted both times. Plaintiff filed an amended complaint on November 27, 2023, but she did not provide the required documents to bring her case into proper form.

      On January 4, 2024, therefore, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action without prejudice in accordance with Rule 41 of the Federal Rules of Civil Procedure if Plaintiff does not bring the case into proper form within the time period set forth for filing objections, which is within fourteen days of being served with a copy of the Report. To date, no objections have been filed and Plaintiff has made no additional efforts

to satisfy the requirements for proceeding with this case, as set forth in the Magistrate Judge's proper form Order and Report.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. Accordingly, **the Court adopts the Magistrate Judge's Report (ECF No. 17) and hereby dismisses this action without prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.** *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989), *cert. denied sub nom, Ballard v. Volunteers of Am.*, 493 U.S. 1084 (1990).

**IT IS SO ORDERED.**

                                                      s/Bruce H. Hendricks
                                                     United States District Judge

January 23, 2024
Charleston, South Carolina